Austin A. Evans (NJ Bar No. 04127-2005)
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile: (404) 572-5100
E-Mail: *AEvans@KSLaw.com*

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| HELENA BARINOVA, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DAIMLER AG, MERCEDES-BENZ USA, LLC, BENZEL-BUSCH MOTOR CAR CORP., CONTEMPORARY MOTOR CARS, INC., GLOBE MOTOR CARS, INC. d/b/a MERCEDES-BENZ OF CALDWELL, INTERCAR, INC., MERCEDES-BENZ OF ATLANTIC CITY, MERCEDES-BENZ OF CHERRY HILL, MERCEDES-BENZ OF FLEMINGTON, MERCEDES-BENZ OF FREEHOLD, MERCEDES-BENZ OF MORRISTOWN, MERCEDES-BENZ OF PRINCETON, OPEN ROAD OF BRIDGEWATER, PRESTIGE MOTORS, INC., RAY | Case No. _____<br><br>NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d), 1441, 1446 & 1453 |

| |
|---|
| CATENA MOTOR CAR CORP., and RAY CATENA OF UNION, LLC, <br><br>           Defendants. |

TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 & 1453, defendant Mercedes-Benz USA, LLC ("MBUSA") hereby removes to this Court the state-court action described herein. Federal diversity jurisdiction exists because this case is pleaded as a "class action" under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and CAFA's diversity-of-citizenship and amount-in-controversy requirements are met.

        MBUSA states the following grounds for removal:

### BACKGROUND

        1.    On October 22, 2014, Plaintiff filed a class-action complaint against MBUSA in the New Jersey Superior Court for Bergen County, styled "*HELENA BARINOVA, Individually, and on behalf of all others similarly situated, v. DAIMLER AG, MERCEDES-BENZ USA, LLC, BENZEL-BUSCH MOTOR CAR CORP., CONTEMPORARY MOTOR CARS, INC., GLOBE MOTOR CARS, INC. d/b/a MERCEDES-BENZ OF CALDWELL, INTERCAR, INC., MERCEDES-BENZ OF ATLANTIC CITY, MERCEDES-BENZ OF CHERRY HILL, MERCEDES-BENZ OF FLEMINGTON, MERCEDES-BENZ OF FREEHOLD, MERCEDES-BENZ OF*

2

*MORRISTOWN, MERCEDES-BENZ OF PRINCETON, OPEN ROAD OF BRIDGEWATER, PRESTIGE MOTORS, INC., RAY CATENA MOTOR CAR CORP., and RAY CATENA OF UNION, LLC,*" Civil Action No. BER-L-9841-14 ("Complaint"). At the time of filing of this Notice of Removal, the case was still pending in the Superior Court. *See* 28 U.S.C. § 1441(a).

2. The Complaint was served on MBUSA on November 10, 2014.

3. True and correct copies of the Complaint (Exhibit A) and Summons and other documents in this Litigation (Exhibit B), as served on MBUSA, are attached hereto. *See* 28 U.S.C. § 1446(a).

4. The Complaint defines the putative class to include New Jersey residents who purchased or leased from authorized Mercedes-Benz dealers Model Year 2003 – 2009 Mercedes-Benz "E-Class" vehicles ("Putative Class Vehicles"). (Ex. A ¶¶ 1, 70.) The Complaint alleges that "undisclosed defects" in the Putative Class Vehicles' "Fuel Delivery Systems" render the vehicles "prone to emit gasoline fumes into the cabin and/or leak liquid gasoline outside and/or inside of the vehicle[s]." (*Id.* ¶ 2-3, 31-35.)

5. MBUSA timely files this Notice of Removal, within 30 days of service of the Complaint. *See* 28 U.S.C. § 1446(b).

## THE REMOVED ACTION IS A CLASS ACTION SUBJECT TO CAFA REMOVAL

6. Plaintiff's "Class Action Complaint" purports to bring this lawsuit "as a class action pursuant to the provisions of R. 4:32 of the New Jersey Court Rules." (*See* Ex. A ¶¶ 69-79.) As such, this case is pleaded as a "class action" as defined in 28 U.S.C. §1332(d)(1)(B) and is therefore removable under the provisions of CAFA.

7. This Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2)(C), because (1) Plaintiff is a citizen of a State, and at least one defendant is a citizen of a foreign state; and (2) the aggregate amount in controversy exceeds $5,000,000.

8. In addition, original jurisdiction exists under 28 U.S.C. § 1332(d)(2)(A) because there are members of the putative class who are citizens of states other than New Jersey.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT DAIMLER AG

9. The named Plaintiff, Helena Barinova, is a citizen of the State of New Jersey. (*See* Ex. A ¶ 6 [alleging that "at all times relevant to this action," Plaintiff has been "a citizen of the United States domiciled in New Jersey"].)

10. As Plaintiff alleges, defendant Daimler AG "is an alien corporation duly registered in the Federal Republic of Germany with its main corporate offices located in … Stuttgart, Germany …." (Ex. A ¶ 7.)

11. Indeed, both at the time this action was filed and at the time of removal, Daimler AG was an *Aktiengesellschaft*, or German stock company, with its "seat" or effective place of business in Stuttgart, Germany. (Declaration of Timothy Lowery in Support of Notice of Removal of Civil Action ["Lowery Decl."] ¶ 9.) Daimler AG is not, and has never been, domiciled or incorporated in New Jersey, and it has never had its principal place of business in New Jersey. (*Id.*)

### THE AMOUNT IN CONTROVERSY EXCEEDS FIVE MILLION DOLLARS

12. MBUSA denies Plaintiff's allegations and specifically denies, among other things: (a) that Plaintiff or the putative class are entitled to any relief; and (b) that a "defect" exists in the "Fuel Delivery Systems" of all Putative Class Vehicles. But without prejudice to its defenses in this action, and for purposes of demonstrating by a preponderance of evidence that the amount in controversy exceeds the $5,000,000 threshold amount for removal jurisdiction under CAFA, *see* 28 U.S.C. § 1332(d)(2), the following is set forth:

    a. MBUSA has leased and sold in New Jersey at least 32,636 Putative Class Vehicles. (Lowery Decl. ¶ 5.)

    b. The Complaint alleges that if MBUSA had "disclosed all material information regarding the Fuel Delivery System in E-Class vehicles" to Plaintiff and the putative class members, "they would either not have purchased and/or leased E-Class vehicles, or would have paid less" for them. (Ex. A ¶ 90; *see*

5

*also id.* ¶ 128 ["Plaintiff would have never purchased her E-Class vehicle had she known of the safety defect contained within the Fuel Delivery System."].) By claiming that putative class members would not have purchased or leased the Putative Class Vehicles but for MBUSA's alleged failure to disclose the existence of a "defect," Plaintiff puts at issue the entire purchase price of each Putative Class Vehicle.

    c. Plaintiff even more explicitly seeks the return of the entire purchase price of each Putative Class Vehicle under her Unjust Enrichment Claim. There, Plaintiff alleges that "Defendants have been unjustly enriched in retaining payments paid by Plaintiff, Class members and the Repaired Subclass in connection with the purchase and/or lease of E-Class vehicles." (Ex. A ¶ 116.) She further contends that Defendants unjustly retained the amounts paid by putative class members for the Putative Class Vehicles and must "pay restitution" of these amounts to Plaintiff and the members of the putative class. (*Id.* ¶ 119; *see also id.* Prayer for Relief ¶ c [seeking an "order directing disgorgement and restitution of all improperly retained monies by Defendants"].)

    d. The lowest Manufacturer's Suggested Retail Price ("MSRP") for a Putative Class Vehicle was $46,950. (Lowery Decl. ¶ 6.) The Putative Class Vehicles range in MSRP up to $88,500. (*Id.* ¶ 6.)

e. With the purchase price of no fewer than 32,636 Putative Class Vehicles at issue, a minimum amount-in-controversy of even $46,000 per vehicle would be far in excess of the $5,000,000 threshold amount-in-controversy for removal jurisdiction under CAFA.

f. The Complaint also alleges that "[d]ue to the common defects contained in the Fuel Delivery System, which are substantially similar across the E-Class vehicles within the model years identified herein, all Fuel Delivery System components have to be replaced …." (Ex. A ¶ 54.) Thus, at the very least, the Complaint puts at issue the cost of replacing "all Fuel Delivery System components"—including "the fuel tank, fuel sending unit, evaporation tubes, 'O' rings, and associated fuel system components" (*id.* ¶ 2)—in every Putative Class Vehicle.

g. The cost to replace the fuel tank in a single Putative Class Vehicle is approximately $2,500. (Lowery Decl. ¶ 8.)

h. Thus, the cost of replacing the fuel tank in 32,636 Putative Class Vehicles would be significantly more than $5 million and also independently satisfies the threshold amount-in-controversy for removal jurisdiction under CAFA.

i. On top of the categories of damages identified above (all of which independently satisfy the amount-in-controversy threshold), the Complaint

7

further alleges that Plaintiff and the putative class members are entitled to: (1) an unspecified amount of out-of-pocket repair costs as a result of the alleged defect (*see, e.g.*, Ex. A ¶¶ 91, 101, 109, 120, 131); (2) compensation for Putative Class Vehicles "with little to no resale value" (*id.* ¶¶ 101, 109, 120, 131); (3) "trebled or multiplied" damages (*id.* Prayer for Relief ¶ (b)); (4) "penalties" (*e.g.*, *id.* ¶ 120); (5) attorneys' fees and costs of suit (*id.*); and (6) punitive damages (*id.* Prayer for Relief ¶ (f)).

13. For all of the foregoing reasons, a preponderance of the evidence shows that the amount in controversy for Plaintiff's class allegations exceeds the jurisdictional threshold of $5,000,000.

14. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by CAFA, and this case is properly removable pursuant to 28 U.S.C. § 1453(b).

### THE *MCCABE* ACTION RENDERS CAFA'S "LOCAL CONTROVERSY" EXCEPTION INAPPLICABLE

15. As Plaintiff acknowledges (Ex. A at p. 27), *McCabe v. Daimler AG*, U.S.D.C., Northern District of Georgia, Case No. 1:12-cv-02494-MHC, is a "similar action" against Daimler AG and MBUSA. Just as in this lawsuit, *McCabe* alleges defects in 2003-2009 Mercedes-Benz E-Class vehicles' "fuel tanks, fuel sending unit, and evaporation tubes … that result in gasoline vapor leaks inside the vehicle cabin and liquid gasoline leaks outside the vehicle." (*See McCabe*

complaint, attached hereto as Exhibit C, ¶¶ 1-2[1].)  As such, and although Plaintiff bears the burden of proving its application,[2] CAFA's "local controversy" exception cannot be met here, because the *McCabe* action was filed within the last three years (July 2012).  *See* 28 U.S.C. § 1332 (d)(4)(A)(iii) (local controversy exception to CAFA jurisdiction does not apply if, within the preceding three years, a "class action has been filed asserting … similar factual allegations against any of the defendants on behalf of … other persons").

### THE TRENTON VICINAGE IS THE PROPER VENUE FOR THIS LAWSUIT

16.   In addition to Daimler AG and MBUSA, Plaintiff has sued fourteen New Jersey authorized Mercedes-Benz dealers located in cities throughout the state of New Jersey—in Englewood, Little Silver, Fairfield, Newton, Atlantic City, Cherry Hill, Flemington, Freehold, Morristown, Lawrenceville, Bridgewater, Paramus, Edison, and Union.  (See Ex. A ¶¶ 9-22.)

17.   In a motion to transfer venue from Bergen County to Middlesex County, Plaintiff states that she erroneously filed the case in Bergen County.  In the same motion, she states that at the time she filed her Complaint she resided

---

[1] " '[A] court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.' "  *Marrakush Soc'y v. N.J. State Police*, 2009 U.S. Dist. LEXIS 68057, at *24 (D.N.J. July 30, 2009) (quoting *Inductotherm Indus. v. United States*, 2002 U.S. Dist. LEXIS 14046, at *6-*7 (D.N.J. Mar. 27, 2002)).

[2] *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153-54 (3d Cir. 2009).

(and still resides) in North Brunswick, County of Middlesex, which is south of the Raritan river. Accordingly, Plaintiff lives within the Trenton vicinage. Trenton is also the closest and most convenient vicinage for Plaintiff. (*See* Ex. B, Eichen Certification ¶ 3.)

18. Given Trenton's central New Jersey location, and considering the residence of all parties (including Plaintiff), this Vicinage is, in the aggregate, a more convenient venue for this action than either the Camden or Newark vicinages.

### COMPLIANCE WITH STATUTORY NOTICE REQUIREMENTS

19. Concurrent with the filing of this Notice, MBUSA is giving written notice of this removal to Plaintiff's counsel of record and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, County of Bergen. 28 U.S.C. § 1446(d).

20. Pursuant to 28 U.S.C. section 1446(a), a "copy of all process, pleadings, and orders served upon" MBUSA is attached to this Notice of Removal as Exhibits A and B. In the event additional process, pleadings, or orders are served on MBUSA, it shall promptly provide this Court with true and correct copies of all such papers.

*     *     *

WHEREFORE, notice is given that this action is removed from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey, Trenton Vicinage.

Dated:  December 10, 2014

                                   Respectfully submitted,

                                   By <u>s/Austin A. Evans</u>
                                      Austin A. Evans
                                      Attorney for MERCEDES-BENZ U.S.A., LLC

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of December, 2014, I served a copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453** via electronic mail and U.S. mail to counsel of record listed below.

| | |
|---|---|
| Barry R. Eichen, Esq. | James O'Hara, Esq. |
| Evan J. Rosenberg, Esq. | GRAHAM CURTIN |
| EICHEN CRUTCHLOW ZASLOW & McELROY, LLP | 4 Headquarters Plaza CN-1991 |
| 40 Ethel Road | Morristown, NJ 07962-1991 |
| Edison, NJ 08817 | |
| | *Attorneys for Benzel-Busch Motor Car Corp., Contemporary Motor Cars, Inc., Globe Motor Cars, Inc. d/b/a Mercedes-Benz of Caldwell, Intercar, Inc, Mercedes-Benz of Atlantic City, Mercedes-Benz of Cherry Hill, Mercedes-Benz of Flemington, Mercedes-Benz of Freehold, Mercedes-Benz of Morristown, Mercedes-Benz of Princeton, Open Road of Bridgewater, Prestige Motors, Inc., Ray Catena Motor Car Corp., and Ray Catena of Union, LLC* |
| *Attorneys for Plaintiff* | |

                                              s/Austin A. Evans
                                              Austin A. Evans
                                                *Attorney for MERCEDES-BENZ U.S.A., LLC*